WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Lindsay D. Dragon, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dbrenner@wrightlegal.net
ldragon@wrightlegal.net
*Attorney for Plaintiff Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-1*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-1, <br><br>Plaintiff<br><br>vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY and LAWYERS TITLE INSURANCE CORPORATION,<br><br>Defendants | Case No.: 2:19-cv-00449-CDS-EJY <br><br>**STIPULATION AND ORDER FOR LIMITED STAY OF CASE** |

Plaintiff, Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-1 ("Plaintiff") and Defendants Fidelity National Title Insurance Company and Lawyers Title Insurance Corporation ("Defendants", and with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

This matter involves a title insurance coverage dispute wherein Plaintiff contends, and Defendants dispute, that the title insurance claim involving an HOA assessment lien and subsequent sale was covered by the subject policy of title insurance. There are now currently pending in the United States District Court for the District of Nevada and Nevada state courts more than one-hundred actions between national banks, on the one hand, and title insurers, on the

other hand.  In virtually all of these actions, the title insurer underwrote an ALTA 1992 or ALTA 2006 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 and/or CLTA 115.2/ALTA 5 Endorsements.

This matter was previously stayed pending a Ninth Circuit appeal in *Wells Fargo Bank, N.A. v. Fidelity Nat'l Title Ins. Co.*, Ninth Circuit Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) ("*Wells Fargo II*") [ECF No. 24], which resolved on November 21, 2021.

The Parties have conferred and believe another limited six-month stay is warranted. The *PennyMac Corp. v. Westcor Land Title Ins. Co.*, Nevada Supreme Court Case No. 83737 ("*PennyMac*") appeal remains pending.  Additionally, there is another fully briefed appeal to the Nevada Supreme Court involving a similar coverage dispute in *Deutsche Bank Nat'l Trust Co. v. Fidelity Nat'l Title Ins. Co.*, Nevada Supreme Court Case No. 84161 ("*Deutsche Bank*").  Both *PennyMac* and *Deutsche Bank* are fully briefed, but oral argument has not been set. The Parties anticipate that the Nevada Supreme Court's decisions in the foregoing appeals may touch upon issues regarding the interpretation of policy and claims handling, that could potentially affect the disposition of the instant action.

Accordingly, the Parties believe an additional stay of six months in the instant action will best serve the interests of judicial economy.  The Parties request that the action be stayed for an additional six months, through and including, August 7, 2023.  The Parties are to submit a Joint Status Report on or before August 7, 2023.  The Parties further agree that this stipulation and stay of this case is entered based on the specific circumstances surrounding this particular case, and that this stipulation shall not be viewed as a reason for granting a stay in any other pending matter.

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. In the interests of judicial economy and in efforts to preserve the Parties' resources, the Parties request that this action be **STAYED FOR AN ADDITIONAL SIX (6) MONTHS**, through and including, August 7, 2023.

2. All deadlines currently set in this case shall remain **VACATED**.

3. The Parties are to submit a Joint Status Report on or before August 7, 2023.
4. By entering into this Stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.
5. Notwithstanding this Stipulation, the Parties may continue to conduct third-party discovery (including by issuing and enforcing third-party subpoenas) to preserve evidence.

**IT IS SO STIPULATED.**

DATED this 6th day of February, 2023.  DATED this 6th day of February, 2023.

WRIGHT, FINLAY & ZAK, LLP    SINCLAIR BRAUN LLP

*/s/ Lindsay D. Dragon*    */s/ Kevin S. Sinclair*
Lindsay D. Dragon, Esq.    Kevin S. Sinclair, Esq.
Nevada Bar No. 13474    Nevada Bar No. 12277
7785 W. Sahara Ave., Suite 200   16501 Ventura Boulevard, Suite 400
Las Vegas, NV 89117    Encino, California 91436
*Attorney for Plaintiff, Wilmington Trust,*  *Attorney for Defendants Fidelity National*
*National Association, not in its individual*  *Title Insurance Company and Lawyers Title*
*capacity but as Trustee of ARLP*   *Insurance Corporation*
*Securitization Trust, Series 2014-1*

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
Dated: February 7, 2023